UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LIBERTY FORD LINCOLN MERCURY, INC., *et al.*, | Case No. 1:21-cv-02085 |
| Plaintiffs, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| FORD MOTOR COMPANY, | |
| Defendant. | |

## OPINION AND ORDER

Plaintiffs, six Northeast Ohio Ford dealerships, seek interlocutory review of the Court's Opinion and Order dated December 5, 2022. For the reasons that follow, the Court **DENIES** Plaintiffs' motion.

## PROCEDURAL BACKGROUND

On December 5, 2022, the Court denied Plaintiffs' motion for a partial summary judgment. (ECF No. 42.) That ruling involved a question of first impression regarding interpretation of Section 4517.59(A)(14) of the Ohio Revised Code, which prohibits a manufacturer of new motor vehicles, like Defendant Ford Motor Company, from refusing to disclose certain information to new motor vehicle dealers, like Plaintiffs. At bottom, Plaintiffs contend that the statute requires Ford to disclose which vehicles each dealership in the Pittsburgh region receives and the process for that allocation, including how Ford exercises its discretion in distributing new vehicles to dealers. (*See* ECF No. 37, PageID #514.) Formally, in Count 1 of

their second amended complaint, Plaintiffs seek a declaration that "Plaintiffs indeed have the right, guaranteed by statute, to the information that Defendant must disclose to Plaintiffs under . . . the express mandate of R.C. 4517.59(A)(14)." (ECF No. 29, ¶ 53, PageID #418.) In Count 2, Plaintiffs seek a declaration that Ford's violation of the statute entitles them to a mandatory injunction forcing the disclosure of the information they seek. (*Id.*, ¶ 57, PageID #419.)

Plaintiffs' second amended complaint alleges four additional counts. (*Id.*, ¶¶ 120–99, PageID #431–43.) Three are stand-alone causes of action. Specifically, Counts 3, 4, and 6 allege violations of the Ohio Motor Vehicle Dealers Act, a violation of the federal Automobile Dealers' Day in Court Act, and tortious interference, respectively. (*Id.*, ¶¶ 120–48, 192–99, PageID #431–36 & #442–43.) Each of those counts focuses on Ford's conduct in allocating and diverting new motor vehicles. (*See, e.g., id.*, ¶¶ 122, 144, 147, & 193, PageID #432, #436, & #443.) Count 5 seeks injunctive relief. (*Id.*, ¶¶ 149–55, PageID #436–37.)

## ANALYSIS

In arguing that the Court should certify its Opinion and Order for immediate appeal, Plaintiffs cite two independent grounds: (1) Rule 54(b); and (2) 28 U.S.C. § 1292(b). The Court addresses each in turn.

**I.     Rule 54(b)**

Generally, when a district court grants or denies a partial motion for summary judgment, "th[at] decision is not a final order for appellate purposes." *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012); *see also Adler v. Elk Glenn, LLC*, 758 F.3d 737, 739 (6th Cir. 2014). Under Rule 54(b), if a

case involves multiple claims or parties, a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). "Rule 54(b) is not to be used routinely." *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (citation omitted). After all, the Rule "strike[s] a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986) (citation omitted).

Before a district court may enter a final judgment on fewer than all claims under Rule 54(b), it must make two independent findings. *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). First, it must determine "that it is dealing with a 'final judgment.'" *Id.* at 1027 (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980)). A final judgment is a decision that disposes of a cognizable claim for relief. *Curtiss-Wright Corp.*, 446 U.S. at 7 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, the district court must "expressly determin[e] that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see General Acquisition*, 23 F.3d at 1027.

### I.A. No Just Reason for Delay

The parties do not dispute that the Court's Opinion and Order addresses only some of Plaintiffs' multiple claims or that it constitutes a final judgment. (*See* ECF No. 44, PageID #631–34; ECF No. 45, PageID #650.) Instead, they focus on whether there is no just reason for delay. (*Id.*) In making that determination, courts must "balance the needs of the parties against the interests of efficient case management."

3

*General Acquisition*, 23 F.3d at 1027. Under the law of this Circuit, courts consider a non-exhaustive list of factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might be mooted by future developments; (3) the possibility that the appellate court might be required to consider the same issue a second time; (4) the existence of a claim or counterclaim which might result in a set-off against the judgment sought to be made final; and (5) other miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Corrosioneering, Inc.*, 807 F.2d at 1283 (citations omitted).

Plaintiffs contend that these factors favor certification. (ECF No. 43, PageID #622–23; ECF No. 45, PageID #650–55.) Defendant opposes certification, arguing first that Plaintiffs have only "ma[de] conclusory statements that each factor weighs in their favor." (ECF No. 44, PageID #633.) On this point, the Court disagrees. Plaintiffs sufficiently analyze the factors under the Rule. For example, in discussing the fourth factor, Plaintiffs argue that "[t]here is no counterclaim." (ECF No. 43, PageID #622.) And in addressing the fifth, Plaintiffs argue that an immediate appeal will expedite the time needed for discovery. (*Id.*) Plaintiffs' analysis far exceeds that provided in *Williams v. Shelby County Board of Education*, No. 2:17-cv-2050, 2022 WL 331012 (W.D. Tenn. Feb. 3, 2022), which Defendant cites. There, the plaintiff's motion listed the factors but did not address them. *Id.* at *3. Indeed, it merely asserted, "[t]here is no just reason for delay in entering a final judgment on the [relevant] claim." *Id.* Plaintiffs provide more than that conclusory statement.

Nonetheless, the Court finds that Plaintiffs have not demonstrated that there is no just reason for delay. An interlocutory appeal would result in months (or more)

of delay. Whatever ruling the Sixth Circuit reaches, litigation of Plaintiffs' remaining claims in Counts 3 through 6 awaits. An appeal now results in delay with little, if any, benefit in advancing resolution of those claims, which Plaintiffs concede stand alone and separately from those at issue in their motion for partial summary judgment. (ECF No. 43, PageID #622.)

Plaintiffs argue that a ruling in their favor on Counts 1 and 2 would shorten discovery. Because Plaintiffs can obtain the information at issue in discovery, however, it is difficult to see what an appeal, even with a ruling in their favor, would accomplish as a practical matter. Plaintiffs argue that immediate appeal would obviate the costs and time associated with discovery, but it is difficult to see how. Production of the information at issue, whether under Rules 26 through 37 or Section 4517.59(A)(14) will likely involve substantially similar tools and disputes. To the contrary, proceeding in discovery would moot all but the declaratory dimension of Plaintiffs' argument about the meaning of Section 4517.59(A)(14).

### I.B. Plaintiffs' Other Arguments

In reply, Plaintiffs raise two additional arguments for Rule 54(b) certification. First, they argue that the amenability of the Court's ruling to change does not impact whether it should be certified under Rule 54(b). (ECF No. 45, PageID #655–56.) Second, they contend that this case presents circumstances like those supporting a temporary restraining order. (*Id.*, PageID #656–57.) But the Court will not entertain an argument made for the first time in reply. *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 584 (6th Cir. 2018). In any event, those arguments have no impact on the Court's analysis. Any interlocutory order "may be revised at any time

before the entry of a judgment." Fed. R. Civ. P. 54(b). Having determined that Section 4517.59(A)(14) does not entitle Plaintiffs to the information they seek, the argument that the unavailability of an immediate appeal frustrates their rights under that statute has no force. At bottom, Counts 1 and 2 are not likely to prove outcome determinative for the action as a whole.

\*    \*    \*

For all these reasons, the Court determines that this case does not present a rare circumstance appropriate for certifying an immediate appeal under Rule 54(b).

**II.    28 U.S.C. § 1292(b)**

A district court may also certify an order for interlocutory appeal under 28 U.S.C. § 1292(b). *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 36 (1995). Certification under that statute is granted sparingly and only in exceptional cases. *Kraus v. Board of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966). Certification is appropriate where (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *West Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002) (citing 28 U.S.C. § 1292(b), and *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)).

According to Plaintiffs, this is an exceptional case that satisfies each of these elements. (*See* ECF No. 43, PageID #623–27; ECF No 45, PageID #657–60.) Defendant disagrees and argues that the first and third are unmet. (ECF No. 44,

6

PageID #635–36; ECF No. 45, PageID #657–58 & #659–60.) Because the Court's ruling involves a question of first impression about which reasonable people may disagree, the Court focuses on the two disputed elements.

### II.A. Controlling Question of Law

First, the parties dispute whether the Court's Opinion and Order involves a controlling question of law. (*Compare* ECF No. 43, PageID #624–25, *with* ECF No. 44, PageID #635.) Embedded in this element are *two* requirements: (1) the order must present a question of law, and (2) it must be controlling. *United States ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 865 (S.D. Ohio 2012) (collecting cases). "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351 (citing *In re Baker & Getty Fin. Servs., Inc. v. National Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)).

The Court's Opinion and Order satisfies the first requirement. That ruling turned on interpretation of Section 4517.59(A)(14). (ECF No. 42, PageID #605.) Statutory interpretation presents a question of law. *Bureau of Workers' Comp. v. Verlinger*, 153 Ohio St. 3d 492, 2018-Ohio-1481, 108 N.E.3d 70, ¶ 6; *United States v. Dedman*, 527 F.3d 577, 584 (6th Cir. 2008). Defendant argues that "Plaintiffs are attempting to use an appeal to evade this Court's discovery process," and because discovery falls within the Court's discretion, there is no question of law. (ECF No. 44, PageID #635.) This argument is unpersuasive. The relevant inquiry is not Plaintiffs' alleged intent in pursuing an interlocutory appeal but what issues the Court's ruling resolves. *See* 28 U.S.C. § 1292 (requiring that a district court be "of the opinion that

7

*such order* involves a controlling question of law"). On that score, the Court's ruling unquestionably resolved a question of law.

And that question of law is controlling as to Counts 1 and 2. Defendant maintains that the ruling leaves the balance of the dispute to litigate. Fair enough. But that is generally the case. "The resolution of an issue need not necessarily terminate an action or 'have precedential value for a number of pending cases' to be 'controlling.'" *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) (citation omitted). Plaintiffs' bigger problem with this prong of the analysis lies in the effect of the legal question in Counts 1 or 2 and how that issue will affect the balance of the litigation. As explained above, in the analysis under Rule 54(b), the Court does not see interpretation of Section 4517.59(A)(14) as driving resolution of the parties' broader dispute. Therefore, that legal question presents a controlling question only with respect to Counts 1 and 2, but not as to the litigation as a whole or a sufficiently meaningful component of it to warrant an interlocutory appeal.

**II.B. Material Advancement of the Termination of Litigation**

Even if this case satisfies the first element of Section 1292(b), interlocutory appeal would not materially advance the termination of this litigation. In assessing this element, courts generally consider whether interlocutory appeal will "save substantial judicial resources and litigant expense." *See, e.g.*, *West Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000); *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 878 (E.D. Mich. 2012). "When litigation will be conducted in substantially the same

8

manner regardless of [the court's] decision," this element is not met. *In re City of Memphis*, 293 F.3d at 351 (citation omitted).

In this case, an interlocutory appeal will not save resources and expenses. Whether Plaintiffs succeed on Counts 1 and 2, the core of their case—Counts 3 through 6—will continue. In theory, an interlocutory appeal might change "the manner for resolving" those claims. (ECF No. 43, PageID #627; *see also* ECF No. 45, PageID #660.) As noted, however, whether styled as discovery or the production of information under the statute, the next phase of the case will involve production of information. Plaintiffs argue that Ford is preventing efficient discovery but have involved the Court in discovery in only a limited way. (ECF No. 45, PageID #649 n.2, #653 n.4 & #660.) The parties well know that the Court stands ready to intervene to ensure compliance with their respective discovery obligations.

In the end, even if an interlocutory appeal would determine a controlling question of law on Counts 1 and 2, that determination would materially advance the litigation no more than ordinary discovery on the remaining counts. This is not a case where the Court's interlocutory ruling sufficiently disposes of enough of the dispute to warrant interlocutory review. Accordingly, the Court determines that Plaintiffs also fail to satisfy 28 U.S.C. § 1292(b)'s third element.

### II.C. Plaintiffs' Supplemental Authority

Finally, the Sixth Circuit's recent decision in *Milman v. Fieger & Fieger, P.C.*, ___ F.4th ___, 2023 WL 387293 (6th Cir. Jan. 25, 2023), does not affect the Court's analysis under Section 1292(b). In *Milman*, the court reversed the dismissal of a claim under the Family and Medical Leave Act. *Id.* at *1. Given this procedural

posture, the court had no occasion to conduct an analysis under Section 1292(b). Although interpretation of the FMLA might lie "at the heart of th[at] case," *id.* at *3, the centrality of interpretation of Section 4517.59(A)(14) to Counts 1 and 2 says little about an issue of consequence that might materially advance the termination of this litigation.

## CONCLUSION

For all these reasons, the Court **DENIES** Plaintiffs' motion and declines to certify its Opinion and Order dated December 5, 2022, for immediate appeal under Rule 54(b) and under Section 1292(b).

**SO ORDERED.**

Dated: February 1, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio